UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SUDIPTO BAGCHI,
Individually and on behalf of a class,

                          Plaintiff,

              - against -

LAW OFFICES OF MITCHELL N. KAY, P.C.,

                        Defendant.
----------------------------------------------------------X

**11 CIV 01451**

**JUDGE KARAS**

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant Law Offices of Mitchell N. Kay, P.C. Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information. 15 U.S.C. §§1692d, 1692e, 1692f, and 1692g.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

## PARTIES

4. Plaintiff, Sudipto Bagchi, is an individual resident of the State of New York, residing in the County of Westchester. Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.

5. Defendant, Law Offices of Mitchell N. Kay, P.C., is a domestic professional Corporation engaged in the business of collecting debts with its principal place of business located in New York, New York. Defendant is regularly engaged in the collection of debts allegedly owed by consumers. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

6. On or about March 30, 2010, Plaintiff was mailed the collection letter attached as Exhibit A (the "Initial Collection Letter"). Plaintiff received it in the ordinary course of mail.

7. Exhibit A sought to collect a debt incurred for personal, family or household use and not for business purposes.

8. Exhibit A attempted to collect $14,312.53. The creditor is identified as Capital One Bank (USA), N.A.

9. Exhibit A is, on information and belief, a form letter.

10. The second paragraph of the letter states in part:

"We have been authorized to offer you the opportunity to settle this account with a lump sum payment, equal to 80% of the balance due – which is $11,450.02!

## FIRST CAUSE OF ACTION

11. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

12. Defendant's debt collection attempt by sending Exhibit A offers to settle an alleged debt for less than the creditor says is owed.

13. The Internal Revenue Code requires that if certain creditors forgive all or part of a debt, the amount forgiven in excess of $600 must be reported by the creditor and reported by the debtor as income on the debtor's federal tax return.

14. In other words, the offer of settlement in Exhibit A has tax ramification to the debtor.

15. Exhibit A failed to notify the debtor of the requirement under the Internal Revenue Code that any amount forgiven in excess of $600 must be reported as income on his federal tax return.

16. Exhibit A deceives and seeks to mislead the debtor into accepting the attractive discounted amount without notifying him of the tax consequences of accepting the offer, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(10) and 1692f. See Ellis v. Cohen & Slamowitz, LLP, 1:09-cv-0810 (GLS/RFT) (NDNY, 2010), 701 F.2d 215, 2010 U.S. Dist. LEXIS 29579 ("the amount of debt being forgiven may be taxable under 26 U.S.C. §61(a)(12), whereby the taxes levied specific to that additional taxable income would in essence diminish the actual net value of the discount offered by the debt collector. Thus, the discount offered in C&S's second letter may constitute a deceptive or misleading collection practice by failing to warn the consumer that the amount forgiven could affect his tax status.")

## SECOND CAUSE OF ACTION

17. Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

18. Under New York General Business Law, "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York State] are . . . unlawful." N.Y. Gen.Bus.Law §349.

19. Defendant's debt collection offers to settle an alleged debt for less than the creditor says is owed.

20. The Internal Revenue Code requires that if certain creditors forgive all or part of a debt, the amount forgiven in excess of $600 must be reported by the creditor and reported by the debtor as income on the debtor's federal tax return.

21. In other words, the offer of a discount in Exhibit A has tax ramifications to the debtor.

22. Exhibit A deceives and seeks to mislead the consumer/debtor into accepting the attractive discounted amount without notifying him of the tax consequences of accepting the offer.

23. Without disclosing the tax consequences, Exhibit A is deceptive and misleading in a material way.

24. Such deception is, upon information and belief, knowing and intentional.

25. Such deception continues every time the Law Office of Mitchell N. Kay, P.C. sends out a letter in the form of Exhibit A.

26. As a result of Defendant's actions in sending Exhibit A, Plaintiff has been damaged in violation of N.Y. GenBus.Law §349.

## CLASS ALLEGATIONS

27. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

28. The class consists of (a) all natural persons (b) who were sent a letter as Exhibit A (c) seeking to collect a debt (d) on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

29. The class is so numerous that joinder is impracticable.

30. On information and belief, there are more than 50 natural persons who were sent a letter similar to Exhibit A on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

30. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

a. whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§1692e, 1692e(2), 1692e(10) and 1692f and/or N.Y. GenBus.Law §349;

b. Whether plaintiff and the class have been injured by the defendant's conduct;

c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

d. Whether plaintiff and the Class are entitled to declaratory relief.

31. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

32. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

33. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendant as follows:

a) Statutory damages;

b) Attorney's fees, litigation expenses and costs of suit;

c) Declaratory relief finding the collection letter violates the FDCPA; and

d) For such other and further relief which this court deems just and proper.

Dated: New York, New York
March 2, 2011

SHAKED & POSNER
Attorneys for Plaintiff

By: _____
Dan Shaked (DS-3331)
255 West 36th St., Fl. 8
New York, NY 10018
Tel. (212) 494-0035
Fax (646) 367-4951
e-mail: dan@shakedandposner.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

_____
Dan Shaked (DS-3331)

**EXHIBIT A**

# Law Offices of Mitchell N. Kay, P.C.

**N.Y. Office**
7 Penn Plaza
New York, NY 10001
**Admitted in New York**

*Call Toll Free:*
*(888) 647-5721*

*Office Hours:*
*Mon.-Thurs. 8:00 am to 9:00 pm EST*
*Friday 8:00 am to 5:00 pm EST*
*Saturday 8:00 am to 2:00 pm EST*

March 30, 2010

Reference Number ▶ 85819156-10

| Account Number ▶ xxxxxxxxxxxxxxxx7472 | RE ▶ SUDIPTO BAGCHI |
|---|---|
| Balance ▶ $14,312.53 | |
| Creditor ▶ CAPITAL ONE BANK (USA), N.A. | |

Please be advised that your account, as referenced above, is being handled by this office.

We have been authorized to offer you the opportunity to settle this account with a lump sum payment, equal to 80% of the balance due – which is $11,450.02! This offer will be valid as long as our client, referenced above, continues to authorize this program. We are not obligated to renew this offer.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will: Obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

You are invited to visit our website **www.lawofmnk.com** to resolve this debt privately, or to write to us or to update your personal information. At this point in time, no attorney with this firm has personally reviewed the particular circumstances of your account.

## PLEASE ADDRESS ALL PAYMENTS TO:
Law Offices of Mitchell N. Kay, P.C.
7 Penn Plaza, Suite 1500 - New York, NY 10001-3995

74CSMNKP02MS1

**Notice: Please see reverse side for important information.**

***Please Detach Lower Portion and Return with Payment***

CAPITAL ONE BANK (USA), N.A.

*Law Offices of Mitchell N. Kay, P.C.*
PO Box 9006
Smithtown, NY 11787-9006
RETURN SERVICE REQUESTED
85819156M10330100.000000MPPMS1

Reference #: 85819156-10
Balance:  $14,312.53
Amount Enclosed: $_____

**TO MAKE A PAYMENT BY CREDIT CARD,
CALL US OR VISIT OUR WEBSITE**

March 30, 2010

☐ Check here if new address information listed on back

8581915610-MS1     313385585

**PERSONAL AND CONFIDENTIAL**
SUDIPTO BAGCHI
8 Seven Bridges Rd
Chappaqua NY 10514-1502

**SEE REVERSE SIDE FOR REMITTANCE ADDRESS** ➡

08581915610303301000000000000011450020014312532MS1

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

-------------

If you are entitled to the protections of the United States Bankruptcy Code (11 U. S. C. 362; 524) regarding the subject matter of this communication, the following applies to you: **THIS COMMUNICATION IS NOT AN ATTEMPT TO COLLECT, ASSESS OR RECOVER A CLAIM IN VIOLATION OF THE BANKRUPTCY CODE AND IS FOR INFORMATIONAL PURPOSES ONLY.**

-------------

Notice About Electronic Check Conversion: Sending an eligible check with this payment coupon authorizes us to complete the payment by electronic debit. If we do, the checking account will be debited in the amount shown on the check – as soon as the same day we receive the check – and the check will be destroyed.

NYC Department of Consumer Affairs License Number 1326897

| Name | | |
|---|---|---|
| Street | | |
| City | State | Zip |
| Home Phone (   ) | Work Phone (   ) | |

Law Offices of Mitchell N. Kay, P.C.
7 Penn Plaza Suite 1500
New York NY 10001-3995